1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                        DISTRICT OF NEVADA

8                                    * * *
                                       )
9    REBECCA SPEIGLE and MILES SPEIGLE, )
                                       )
10             Plaintiffs,             )          3:11-CV-0335-LRH-VPC
                                       )
11    v.                               )
                                       )          ORDER
12   FIRST NATIONAL BANK OF NEVADA;    )
     et al.,                           )
13                                     )
               Defendants.             )
14   _____)

15        Before the court is defendant Central Mortgage Company's ("CMC") motion to dismiss and

16   expunge lis pendens (Doc. #6[1]) to which defendants Security Union Title Insurance Company

17   ("Security Union") and Susan Dana ("Dana") joined (Doc. #11). Plaintiffs Rebecca Speigle and

18   Miles Speigle (collectively "the Speigles") filed an opposition (Doc. #12) to which CMC replied

19   (Doc. #13).

20   **I.      Facts and Procedural History**

21        In 2006, the Speigles purchased real property through a mortgage note and deed of trust

22   executed by defendant First National Bank of Nevada ("First National"). The Speigles defaulted on

23   the loan and defendants initiated non-judicial foreclosure proceedings.

24        Subsequently, the Speigles filed a complaint against defendants alleging nine causes of

25

26
     _____

         [1] Refers to the court's docketing number.

action:  (1) debt collection violations; (2) Nevada Unfair and Deceptive Trade Practices Act, NRS 598.0923; (3) Nevada Unfair Lending Practices Act, NRS 598D.100; (4) breach of the covenant of good faith and fair dealing; (5) NRS 107.080; (6) quiet title; (7) fraud; (8) slander of title; and (9) abuse of process. Doc. #1, Exhibit A. Thereafter, CMC filed the present motion to dismiss. Doc. #6.

## II.   Legal Standard

CMC seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as

true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

## III.   Discussion

### A.  Debt Collection Violations

Pursuant to NRS § 649, it is a violation of state law to violate any provision of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq. NRS § 649.370. Here, the Speigles allege that defendants violated the FDCPA by initiating a non-judicial foreclosure without following the proper procedures for attempting to collect a debt.

It is well established that non-judicial foreclosures are not an attempt to collect a debt under the Fair Debt Collection Practice Act and similar state statutes. *See e.g., Hulse v. Ocwen Fed. Bank FSB*, 195 F. Supp. 2d 1188 (D. Or. 2002); *Charov v. Perry*, 2010 U.S. Dist. LEXIS 65798 (D. Nev. 2010) (holding that recording a notice of default is not an attempt to collect a debt because the borrower already consented to allow the foreclosure trustee to record the notice upon default). Therefore, the court finds that the Speigles fail to state a claim against moving defendants for violation of the FDCPA, and thereby NRS § 649.

### B.  Nevada Unfair and Deceptive Trade Practices Act

Pursuant to NRS 598.0923 it is a deceptive trade practice to conduct business in the State of Nevada without all required state, county or city licenses. NRS 598.0923(1). The Speigles allege that defendants violated the statute by recording the underlying notice of default without having a

3

1   state business license. However, it is undisputed that defendants Security Union, CMC, and Dana

2   took no action in recording the notice of default. Because these defendants took no action in

3   causing the notice of default to be recorded, they cannot have violated the Nevada Unfair and

4   Deceptive Trade Practices Act as a matter of law.

5               **C.  Nevada Unfair Lending Practices Act**

6         NRS 598D.100 prohibits lenders from making loans "without determining, using

7   commercially reasonable means or mechanisms, that the borrower has the ability to repay the home

8   loan." NRS 598D.100(1)(b). However, this suitability language was added in mid-2007 when the

9   statute was amended. Although the Speigles allege that defendants violated the present version of

10  the statute, their loan originated in early 2006, prior to the current amendment. Therefore, the

11  Speigles' loan cannot have violated the current statutory language requiring a determination that a

12  borrower has the ability to repay the loan.

13        Additionally, the Speigles' unfair lending practices claim is barred by the applicable statute

14  of limitations. The statute of limitations on an unfair lending practices claim under NRS 598D is

15  two (2) years. *See* NRS § 11.190(3)(a). The Speigles purchased the property in 2006, and did not

16  file the present action until 2011, over three years after the statute of limitations had expired.

17  Accordingly, the court shall grant moving defendants' motions as to this issue.

18             **D.  Breach of Good Faith and Fair Dealing**

19        Under Nevada law, "[e]very contract imposes upon each party a duty of good faith

20  and fair dealing in its performance and execution." *A.C. Shaw Constr. v. Washoe County*, 784

21  P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205). To establish a claim for

22  breach of the implied covenant of good faith and fair dealing, a plaintiff must show that: (1) the

23  plaintiff and defendant were parties to a contract; (2) the defendant owed a duty of good faith and

24  fair dealing to the plaintiff; (3) the defendant breached his duty by performing in a manner

25  unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied.

26                                     4

*See Perry v. Jordan*, 134 P.3d 698, 702 (Nev. 2006) (citing *Hilton Hotels Corp. v. Butch Lewis Prod. Inc.*, 808 P.2d 919, 922-23 (Nev. 1991).

The court notes that there is no contract between the Speigles and defendants Security Union, Dana, or CMC. The only contract at issue is the mortgage note originated by non-moving defendant First National. Therefore, the court finds that the Speigles have failed to allege a sustainable claim for breach of the covenants of good faith and fair dealing as to these defendants.

**E.  NRS 107.080**

In their complaint, the Speigles allege that defendants improperly foreclosed on their property because the promissory note was severed from the deed of trust and none of the defendants hold the original mortgage note. *See* Doc. #1, Exhibit A.

Nevada law does not require the production of the original note before one of the statutorily enumerated parties initiates a non-judicial foreclosure. *Weingarter v. Chase Home Finance, LLC*, 702 F. Supp. 2d 1276, 1280 (D. Nev. 2010). Therefore, the Speigles fail to allege a claim upon which relief can be granted.

**F.  Quiet Title**

Under Nevada law, a quiet title action may be brought by someone who claims an adverse interest in property. NRS § 40.010. Here, moving defendants do not claim any interest in the property adverse to the Speigles' interest in the property. Therefore, the Speigles have no grounds to quiet title against moving defendants.

**G.  Fraud**

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). In order to meet the heightened pleading requirements a plaintiff must specify the time, place, and content of the misrepresentation as well as the names of the parties involved. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 n.10 (9th Cir. 1999); *see also, Parnes v. Gateway 2000*, 122 F.3d 539, 549-50 (8th Cir. 1997) (requiring a

plaintiff to allege the requisite who, what, where, when, and how of the misrepresentation).

Here, the Speigles fail to allege anything more than defendants defrauded them during the loan process. There are no allegations of who failed to provide information or what information was not provided. Further, the Speigles fail to specifically allege the requisite "time, place, and specific content of the false representation as well as the identities of the parties to the misrepresentations." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004). Therefore, the court finds that the Speigles' allegations are insufficient to support their claim for fraud.

**H.  Slander of Title**

A claim for slander of title "involves false and malicious communications, disparaging to one's title in land, and causing special damages." *Executive Mgmt., Ltd. v. Ticor Title Co.*, 963 P.2d 465, 478 (Nev. 1998).

Here, the recorded notice of default and notice of trustee's sale are not false and malicious communications disparaging the Speigles' title. First, the Speigles concede that they were in default on their loan. Thus the notice of default does not make a false statement about his title to the property. Second, it is not false that the property was to be sold at a trustee's sale. Therefore, the court finds the Speigles have failed to state a claim for slander of title.

**I. Abuse of Process**

To establish a claim for abuse of process a party must show that an opposing party (1) had an ulterior purpose for bringing a legal action other than resolving a legal dispute, and (2) used the legal process in a way that is not proper in the regular conduct of the proceeding. *Las Vegas Fetish and Fantasy Halloween Ball, Inc. v. Ahern Rentals*, 182 P.3d 764, 767 (Nev. 2008); *Georgiou Studio, Inc. v. Boulevard Invest, LLC*, 663 F. Supp. 2d 973, 982 (D. Nev. 2009).

Here, the court finds that the Speigles have failed to allege any facts demonstrating that defendants had an ulterior motive in initiating non-judicial foreclosure proceedings other than the resolution of their default on the mortgage note. Further, the process at issue in this action is a non-

6

1   judicial foreclosure which is not the characteristic legal action contemplated by an abuse of process

2   claim. *See e.g., Smith v. Wachovia Mortgage Corp.*, 2009 WL 1948829, *5 (N.D. Cal. 2009).

3   Therefore, the court finds that the Speigles have failed to state a claim for abuse of process.

4   Accordingly, the court shall grant moving defendants' motions to dismiss.[2]

5

6        IT IS THEREFORE ORDERED that defendant's motion to dismiss and expunge lis

7   pendens (Doc. #6) and joinder to the motion to dismiss (Doc. #11) are GRANTED. Defendants

8   Central Mortgage Company; Security Union Title Insurance Company; and Susan Dana are

9   DISMISSED as defendants in this action.

10       IT IS FURTHER ORDERED that defendant Central Mortgage Company shall have ten (10)

11  days after entry of this order to prepare an appropriate order expunging lis pendens and submit the

12  same for signature.

13       IT IS SO ORDERED.

14       DATED this 14th day of September, 2011.

15

16                                                                  _____

17                                                                  LARRY R. HICKS
                                                                    UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24       [2] The court, in granting defendants' motions to dismiss, notes that the Speigles did not request leave
    to amend their complaint. However, even if they did request leave to amend, the court would deny the request
25  because they have failed to make any showing that amendment in this particular case would not be futile or that
    they could overcome the identified pleading defects.
26
                                                          7